1
2
3
4
5
6
7
8

**THERESA A. GOLDNER, COUNTY COUNSEL**
**By: Andrew C. Thomson, Deputy (Bar # 149057)**
**      Marshall Scott Fontes, Deputy (Bar# 139567)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants County of Kern,**
**Kern County Sheriff's Office, Sheriff**
**Youngblood, and Deputy Manriquez**

9

**UNITED STATES DISTRICT COURT**

10

**EASTERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

| | |
|---|---|
| **THE ESTATE OF DONALD MALIIK LEVINGSTON, TRACI MORALES, individually and as successor in interest to the ESTATE OF DONALD MALIIK LEVINGSTON, ELIJAH LEVINGTSON by and through his *Guardian Ad Litem* TRACI MORALES and ELIZABETH LEVINGSTON, by and through her *Guardian Ad Litem* TRACI MORALES**<br><br>Plaintiffs,<br><br>v.<br><br>**COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPT., DEPUTY DAVID MANRIQUEZ, KERN COUNTY SHERIFF DONNY YOUNGBLOOD, HALL AMBULANCE SERVICE, INC., BRENDA ROBINSON and DOES 1 THROUGH 25, INCLUSIVE**<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   **Case No.:  1:16-CV-00188 DAD JLT**<br><br>**ANSWER TO PLAINTIFFS' COMPLAINT BY DEFENDANTS COUNTY OF KERN, KERN COUNTY SHERIFF'S OFFICE,  SHERIFF DONNY YOUNGBLOOD, AND DEPUTY DAVID MANRIQUEZ** |

26
27
28

**TO THE UNITED STATES DISTRICT COURT, AND TO ALL PARTIES AND**

**THEIR ATTORNEYS OF RECORD HEREIN:**

\ \ \

1

**COME NOW** Defendants, County of Kern, (hereinafter "County"), Kern County Sheriff's Office (hereinafter "KCSO"), Sheriff Youngblood (hereinafter "Sheriff"), and Deputy Manriquez (hereinafter "Manriquez"), (collectively hereinafter "County Defendants" and/or these "Answering Defendants") and, in answering the Complaint of plaintiffs Estate Of Donald Maliik Levingston, Traci Morales, individually and as successor in interest to the Estate Of Donald Maliik Levingston, Elijah Levingtson by and through his Guardian Ad Litem Traci Morales and Elizabeth Levingston, by and through her Guardian Ad Litem Traci Morales (hereinafter collectively "Plaintiffs") on file herein, jointly and severally admit, deny and allege as follows:

1.      These Answering Defendants admit the allegations of the following paragraphs of Plaintiffs' complaint: 5, 6 and 7.

2.      These Answering Defendants are without sufficient information or belief to admit or deny the allegations of the following paragraphs of Plaintiffs' complaint and, therefore, deny the allegations: 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 61, 62, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 112, 113, 114, 115, 116, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130 and 131.

3.      Based upon information and belief, these Answering Defendants admit in-part and deny in-part, based upon lack of knowledge, the allegations of the following paragraphs of Plaintiffs' complaint: 4) admit that "Defendant County of Kern ('Kern County') is a municipal corporation organized and existing under the laws of the State of California," but deny that the County of Kern was or "is a 'business establishment' within the meaning of sections 51 *et. seq.* of the California Civil Code operating pursuant to its charter and the laws of the State of California."

4.      Based upon the lack of information and belief, these Answering Defendants deny in-part the following portions of the allegations of the following paragraphs of Plaintiffs' complaint and contend that the remainder of the paragraphs is simply a legal recital of the

2

County Defendants' Answer to Plaintiffs' Complaint

statutory/legal basis for the claims alleged for the identified Plaintiff: Paragraph 1) on lack of information and belief, deny that "Plaintiff Traci Morales, is the surviving wife of Decedent Donald Maliik Levingston, and is a resident of the State of California, and presently resides in Los Angeles County" but deny the remainder of paragraph 1 as merely a legal recital of the statutory/legal basis for the claims alleged; Paragraph 2) on lack of information and belief, deny that "Plaintiff Elljah Levingston, a minor, who appears by and through his *Guardian Ad Litem*, Traci Morales, is a surviving son of Decedent Donald Maliik Levingston, and is a resident of the State of California, and presently resides in Los Angeles County" but deny the remainder of paragraph 2 as merely a legal recital of the statutory/legal basis for the claims alleged; and Paragraph 3) on lack of information and belief, deny that "Plaintiff Elizabeth Levingston, a minor, who appears by and through her *Guardian Ad Litem*, Traci Morales, is a surviving son (sic) of Decedent Donald Maliik Levingston, and is a resident of the State of California, and presently resides in Los Angeles County." but deny the remainder of paragraph 3 as merely a legal recital of the statutory/legal basis for the claims alleged;

5.     With respect to paragraphs 11, 31, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 68, 74, 84, 93, 99, 107, 111 and 117 of Plaintiffs' complaint, these Answering Defendants are informed and believe that such paragraphs are neither factual nor legal allegations, but are procedural in nature, and thus no admission or denial is necessary.

## FIRST AFFIRMATIVE DEFENSE

6.     As a first separate and distinct affirmative defense, these Answering Defendants allege that Plaintiffs' Complaint, and each and every cause of action therein, fails to state a claim and/or cause of action against these Answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

7.     As a second separate and distinct affirmative defense, these Answering Defendants allege that Plaintiffs' Complaint, and each cause of action therein, is barred by the applicable statute of limitations.

\ \ \

3

County Defendants' Answer to Plaintiffs' Complaint

**THIRD AFFIRMATIVE DEFENSE**

8.    As a third separate and distinct affirmative defense, these Answering Defendants allege that Plaintiffs' claims are barred by equitable doctrines, including but not limited to laches, unclean hands, collateral estoppel, judicial estoppel and/or res judicata.

**FOURTH AFFIRMATIVE DEFENSE**

9.    As a fourth separate and distinct affirmative defense, these Answering Defendants allege that Plaintiffs have failed to file a sufficient California Tort Claims Act Claim for the pendent state causes of action, and thus each pendent cause of action therein, is barred.

**FIFTH AFFIRMATIVE DEFENSE**

10.    As a fifth separate and distinct affirmative defense, these Answering Defendants allege each and every Plaintiff is not a proper plaintiff under U.S.C. §1983, and/or is not a proper heir under California Code of Civil Procedure §377.60 and/or would not be entitled to property and/or to inherit through intestate succession. Thus each and every Plaintiff lacks standing to file and/or maintain suit as to the federal and/or pendent state claims and/or for the damages alleged.

**SIXTH AFFIRMATIVE DEFENSE**

11.    As for a sixth separate and distinct affirmative defense, these Answering Defendants allege that they are immune from liability for the non-U.S.C. § 1983 pendent state causes of action alleged in Plaintiffs' Complaint pursuant to California Government Code sections 815, 815.2, 815.3, 818, 818.2, 818.4, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 822.2 and 823 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

**SEVENTH AFFIRMATIVE DEFENSE**

12.    As a seventh separate and distinct affirmative defense, these Answering Defendants alleged that the conduct, acts and/or failures to act of its agents and/or employees were privileged.

\ \ \

4

**EIGHTH AFFIRMATIVE DEFENSE**

13.   As a eighth separate and distinct affirmative defense, these Answering Defendants allege that they are immune from any civil liability in this matter under the doctrine of qualified immunity in that, at all times, they and/or their agents and employees had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiffs were/was objectively reasonable and thus justified, reasonable and lawful, or reasonably believed to be justified, reasonable and lawful, under the circumstances presented to these Answering Defendants and/or their agents and/or employees at the time of the incident[s] at issue herein.

**NINTH AFFIRMATIVE DEFENSE**

14.   As a ninth separate and distinct affirmative defense, these Answering Defendants allege that the damages, if any, of which Plaintiffs complain were the proximate results of the negligence, carelessness and/or recklessness of Decedent Donald Maliik Levingston (hereinafter "Decedent") himself in his acts and/or failures to act, so as to bar or diminish recovery herein as against these Answering Defendants.

**TENTH AFFIRMATIVE DEFENSE**

15.   As a tenth separate and distinct affirmative defense, these Answering Defendants allege that the damages, if any, of which Plaintiffs complain were the proximate results of the negligence, carelessness and/or recklessness of persons other than these Answering Defendants, so as to bar or diminish recovery herein as against these Answering Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

16.   As an eleventh separate and distinct affirmative defense, these Answering Defendants allege that Decedent, with full knowledge of the dangers incident thereto, voluntarily exposed himself to all those matters and things alleged in Plaintiffs' Complaint and did thereby knowingly and voluntarily assume the risk naturally incident thereto.

\ \ \

\ \ \

County Defendants' Answer to Plaintiffs' Complaint

**TWELFTH AFFIRMATIVE DEFENSE**

17.     As a twelfth separate and distinct affirmative defense, these Answering Defendants allege that the damages, if any, of which Plaintiffs complain, were the proximate result of the intentional acts of Decedent, done with the knowledge of the act and consequences, all so as to bar or diminish recovery herein as against this Answering Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

18.     As a thirteenth separate and distinct affirmative defense, these Answering Defendants allege, on information and belief, that Decedent and/or Plaintiffs, by the exercise of reasonable efforts and/or care, could have mitigated the amount of damage alleged to have been suffered by Plaintiffs and each of them, and that at all relevant times Decedent and/or Plaintiffs failed, neglected, and refused, and continue to fail, neglect and refuse, to exercise reasonable efforts and/or care to mitigate Plaintiffs' alleged damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

19.     As a fourteenth separate and distinct affirmative defense, these Answering Defendants allege, on information and belief, that Decedent's death was the result of an Act of God, and/or the result of causes unrelated to these Answering Defendants and/or beyond its control, and were not the result of these Answering Defendants' acts and/or failures to act, and/or any policies and/or procedures of these Answering Defendant, and thus bars recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

20.     As a fifteenth separate and distinct affirmative defense, these Answering Defendants allege that at no time did their agents and/or employees act, intentionally or otherwise, with malice, fraud or oppression, and are thus exempted  from punitive and/or exemplary damages.

**SIXTEENTH  AFFIRMATIVE DEFENSE**

21.     As a sixteenth separate and distinct affirmative defense, these Answering Defendants allege that it is immune from punitive and/or exemplary damages in accordance with the California Statutes, including but not limited to California Government Code § 818,

Code of Civil Procedure § 377.61 and Civil Code §3294, and that these Answering Defendants are further immune and jurisdiction is lacking over claims for punitive or exemplary damages against these Answering Defendants pursuant to the Constitutions of the United States and the State of California.

### SEVENTEENTH AFFIRMATIVE DEFENSE

22.    As a seventeenth separate and distinct affirmative defense, these Answering Defendants allege, based upon information and belief, that Plaintiffs' Complaint is frivolous, and constitutes an action and tactic not based in good faith, and will cause unnecessary cost, delay and obstruction to County, wherefore County is entitled to costs and expenses for all pendent state causes of action as provided in Code of Civil Procedure § 128.5(a) and/or for violation of Federal Rules of Civil Procedure, Rule 11.

### EIGHTEENTH  AFFIRMATIVE DEFENSE

23.    As an eighteenth separate and distinct affirmative defense, these Answering Defendants allege that actions as alleged in Plaintiffs' Complaint, taken by a person or persons other than these Answering Defendants, may have exceeded the course and scope of the person(s) duties, and therefore the acts or failures to act of these Answering Defendants, acting within the course and scope of their duties, are privileged and these Answering Defendants are entitled to full, partial and qualified immunity.

### NINETEENTH AFFIRMATIVE DEFENSE

24.    As a nineteenth separate and distinct affirmative defense, these Answering Defendants allege that, in the event of a finding of liability, these Answering Defendants assert the protections of Civil Code sections 1431.2, *et seq*., and, accordingly, these Answering Defendants can only be obligated to pay that percentage of non-economic damages which corresponds to these Answering Defendants percentage of fault, if any such fault is found.

### TWENTIETH AFFIRMATIVE DEFENSE

25.    As a twentieth and separate affirmative defense these Answering Defendants are entitled to the protection and benefits of Government Code section 985 et seq.

County Defendants' Answer to Plaintiffs' Complaint

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

26.     As a twenty-first separate and distinct affirmative defense, these Answering Defendants allege that Plaintiffs are not entitled to recover general damages or damages for Decedent's "pain and suffering" in accordance with the pendent state claims under the California Statutes, including but not limited to California Code of Civil Procedure § 377.61.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

27.     As a twenty-second separate and distinct affirmative defense these Answering Defendants allege that the Estate is not a legitimate Plaintiff since those entitled to recover through the Estate are named as Plaintiffs and inclusion of the Estate will allow a double recovery of damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

28.     As a twenty-third separate and distinct affirmative defense, these Answering Defendants have not initiated discovery or concluded the investigation and therefore reserve the right to subsequently plead as additional affirmative defenses, any of the items set forth in any and all applicable Federal and California Statutes and Codes, along with any other matter constituting an avoidance or affirmative defense as the same may be revealed during disclosure and/or discovery proceedings in this matter.

**WHEREFORE**, these Answering Defendants pray judgment as follows:

1.     That Plaintiffs take nothing by this action;

2.     That these Answering Defendants be awarded their costs of suit incurred herein;

3.     That these Answering Defendants be awarded reasonable attorneys' fees pursuant to Federal Rules of Civil Procedure, Rule 11, and 42 U.S.C. § 1988 and relevant California statutes; and,

4.     That the Court orders such other and further relief as it deems just and proper.

Dated: February 22, 2016          THERESA A. GOLDNER, COUNTY COUNSEL

By: _/s/ Andrew C. Thomson_____
    Andrew C. Thomson, Deputy
    Attorneys for Defendants County of Kern,
    Kern County Sheriff's Office, Sheriff
    Youngblood, and Deputy Manriquez

#22J3138.DOC

8