THERESA A. GOLDNER, COUNTY COUNSEL
By: Andrew C. Thomson, Deputy (Bar # 149057)
    Marshall Scott Fontes, Deputy (Bar# 139567)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805

Attorneys for Defendants County of Kern,
Kern County Sheriff's Office, Sheriff
Youngblood, and Deputy Manriquez

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DONALD MALIIK LEVINGSTON, TRACI MORALES, individually and as successor in interest to the ESTATE OF DONALD MALIIK LEVINGSTON, ELIJAH LEVINGTSON by and through his *Guardian Ad Litem* TRACI MORALES and ELIZABETH LEVINGSTON, by and through her *Guardian Ad Litem* TRACI MORALES<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, KERN COUNTY SHERIFF'S DEPT., DEPUTY DAVID MANRIQUEZ, KERN COUNTY SHERIFF DONNY YOUNGBLOOD, HALL AMBULANCE SERVICE, INC., BRENDA ROBINSON and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants. | Case No.: 1:16-CV-00188 DAD JLT<br><br>STIPULATION FOR AN ORDER FOR DISCLOSURE OF AUTOPSY PHOTOGRAPHS OF DONALD MALIIK LEVINGSTON<br><br>(Doc. 12) |

**COME NOW** the Parties in this matter, and present this Stipulation for an order for disclosure of autopsy photographs of the autopsy of Decedent of Donald Maliik Levingston.

\ \ \

1

___
STIPULATION FOR AN ORDER FOR DISCLOSURE OF AUTOPSY PHOTOGRAPHS

1    Plaintiffs Estate Of Donald Maliik Levingston, Traci Morales, individually and as
2    successor in interest to the Estate Of Donald Maliik Levingston, Elijah Levingston by and
3    through his Guardian Ad Litem Traci Morales and Elizabeth Levingston, by and through her
4    Guardian Ad Litem Traci Morales (hereinafter collectively "Plaintiffs") are represented by
5    Michael J. Curls and Nichelle D. Jones of the Law Offices of Michael J. Curls.

6    Defendants, Hall Ambulance Service, Inc. and Brenda Robinson (hereinafter
7    collectively "Hall Defendants") are represented by Deborah Susan Tropp of McNeil, Tropp
8    & Braun.

9    Defendants, County of Kern, Kern County Sheriff's Office, Sheriff Youngblood, and
10   Deputy Manriquez, (hereinafter collectively "County Defendants") are represented by Andrew
11   C. Thomson, Office of Kern County Counsel.

12   Plaintiffs, Hall Defendants and County Defendants are hereinafter collectively
13   referred to as the "Parties."

14   **IT IS HEREBY STIPULATED AND AGREED TO**, by and between the Parties, through
15   their respective counsel of record, that an Order should issue as follows: a) to direct the Kern
16   County Coroner's Office (hereinafter "Coroner") to disclose to the Parties a full and complete
17   color set of the autopsy photographs of the March 3, 2015 autopsy of the body of Donald
18   Maliik Levingston (hereinafter "Decedent"); and b) that the disclosed autopsy photographs of
19   the autopsy of Decedent be subject to the Protective Order which has been previously
20   approved by this Court in this matter and subject to the limitations set forth below.

21   1.    Whereas, California Code of Civil Procedure § 129, provides as follows:

> Notwithstanding any other provision of law, no copy, reproduction, or facsimile of any kind shall be made of any photograph, negative, or print, including instant photographs and video recordings, of the body, or any portion of the body, of a deceased person, taken by or for the coroner at the scene of death or in the course of a post mortem examination or autopsy made by or caused to be made by the coroner, except for use in a criminal action or proceeding in this state that relates to the death of that person, or except as a court of this state permits, by order after good cause has been shown and after written notification of the request for the court order has been served, at least five days before the order is made, upon the district attorney of the county in which the post mortem examination or autopsy has been made or caused to be made.

This section shall not apply to the making of such a copy, reproduction, or facsimile for use in the field of forensic pathology, for use in medical or scientific education or research, or for use by any law enforcement agency in this or any other state or the United States.

This section shall apply to any such copy, reproduction, or facsimile, and to any such photograph, negative, or print, heretofore or hereafter made.

2. Whereas, in other cases the Coroner's Office has refused to produce/release the autopsy photographs in the absence of a court order for disclosure under Code of Civil Procedure § 129;

3. Whereas, the Parties are informed and believe that copies of the autopsy photographs are necessary for their full and complete preparation of this matter for trial;

4. Whereas, the Parties believe that this stipulation and any resulting Court Order would be consistent with the requirements set forth in Code of Civil Procedure §129;

5. Whereas, in addition to the protective order in place, the Parties agree to the following additional restrictions in order to comply with Code of Civil Procedure §129:

a) The photographs shall not be copied or disseminated outside of the Parties' attorney's offices except for review by retained experts or a party to the action.
b) The only people who shall be authorized to view the photographs will be the attorneys, the attorneys' office staff, retained experts and parties to the action.
c) The photographs shall not be provided to the news media directly or indirectly without a specific order from the Court.
d) The photographs shall only be utilized in connection with this litigation and for no other purpose;
e) At the conclusion of the litigation, all autopsy photographs of decedent Donald Maliik Levingston that are produced, and any copies thereof, including exhibits to depositions, shall be destroyed or returned to the Office of Kern County Counsel.
f) No counsel shall file with this court any autopsy photographs of decedent Donald Maliik Levingston either as an exhibit to a motion or otherwise unless the court has issued an order sealing such record.
g) Any person or persons violating this order shall be subject to sanctions.

6. The Parties respectfully request the Court's consideration of this request.

\\\
\\\

**THEREFORE, IT IS HEREBY STIPULATED THAT:**

The Court issue an Order directing the Coroner to issue to the Parties copies of the autopsy photographs of the autopsy of Donald Maliik Levingston;

The produced photographs are subject to the Court's prior protective order issued in this matter and are subject to the addition restrictions set forth above in 5a through 5g above.

DATED: June 22, 2016          **Law Offices of Michael J. Curls**

By: /s/ Nichelle D. Jones
Michael J. Curls, Esq.
Nichelle D. Jones, Esq.
Attorneys for Plaintiffs Estate of Donald Maliik Levingston, Traci Morales, Elijah Levingston and Elizabeth Levingston

DATED: June 22, 2016          **McNeil Tropp & Braun LLP**

By: /s/ Deborah Susan Tropp
Deborah Susan Tropp, Esq.
Attorneys for Defendants Hall Ambulance Service, Inc. and Brenda Robinson

DATED: June 22, 2016          **Theresa A. Goldner, County Counsel**

By: /s/ Andrew C. Thomson
Andrew C. Thomson, Deputy
County Of Kern, Kern County Sheriff's Dept., Deputy David Manriquez, and Kern County Sheriff Donny Youngblood

IT IS SO ORDERED.

Dated:   **June 22, 2016**                    **/s/ Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE

STIPULATION FOR AN ORDER FOR DISCLOSURE OF AUTOPSY PHOTOGRAPHS