1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  ESTATE OF DONALD MALIIK
LEVINGSTON, et al.,

12                  Plaintiffs,

13          v.

14  COUNTY OF KERN, et al.,

15                  Defendants.

16

)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:16-CV-0188 - DAD - JLT

ORDER AFTER INFORMAL TELEPHONIC
CONFERENCE (Doc. 23)

ORDER GRANTING STIPULATION TO AMEND
CASE SCHEDULE (Doc. 22)

17          At the request of the Court, counsel participated in an informal telephonic conference. (Doc. 23)

18  At the conference, counsel discussed the issues raised in the motion to stay (Doc. 20) and were able to

19  agree that the motion can be resolved by a stipulation to amend the complaint to name the possible

20  other heirs. Likewise, the Court discussed with counsel their stipulation to amend the case schedule and

21  received additional information demonstrating good cause to do so.  Thus, the Court **ORDERS:**

22          1.      **No later than March 3, 2017**, plaintiffs' counsel **SHALL** provide a copy (via e-mail)

23  to opposing counsel of the divorce decree related to the decedent's first marriage;

24          2.      **No later than March 6, 2017**, counsel for the County defendants **SHALL** circulate to

25  other counsel a draft of the stipulation allowing the plaintiffs to amend their complaint to add only the

26  possible omitted heirs.  The amended complaint will not change the nature of the complaint or add any

27  causes of action and **SHALL** only join the possible omitted heirs. Counsel **SHALL** notify Mr.

28  Thomson immediately of any changes needed to the stipulation;

1

1    3.    **No later than March 8, 2017**, counsel for plaintiffs **SHALL** circulate to other counsel

2  the finalized stipulation along with the proposed first amended complaint. Counsel **SHALL** notify Ms.

3  Jones immediately of any changes needed to the amended complaint;

4    4.    **No later than March 10, 2017**, counsel **SHALL** file the stipulation with the proposed

5  first amended complaint;

6    5.    To allow time to draft the stipulation and the first amended complaint, the opposition to

7  the motion to stay (Doc. 20) is continued to **March 13, 2017** and the reply is due **March 17, 2017**.  In

8  making this change, the Court recognizes the motion **WILL NOT** go forward[1] and, indeed, if there is

9  any insurmountable impediment encountered to filing the stipulation described above by March 10,

10  2017, counsel **SHALL** immediately seek a telephonic conference with Judge Thurston;

11    6.    The stipulation (Doc. 22) to amend the case schedule (Doc. 11) is **GRANTED** and the

12  case schedule is amended as follows:

13    a.    Experts **SHALL** be disclosed no later than **April 12, 2017** and any rebuttal

14  experts **SHALL** be disclosed no later than **May 5, 2017**;

15    b.    All expert discovery **SHALL** be completed no later than **June 9, 2017**;

16    c.    Non-dispositive motions **SHALL** be filed no later than **June 23, 2017** and heard

17    no later than **July 21, 2017**;

18    d.    Dispositive motions **SHALL** be filed no later than **June 23, 2017**;

19    e.    The pretrial conference is **CONTINUED** to **November 6**[2]**, 2017** at 3:30 p.m.;

20    f.    The trial is **CONTINUED** to **January 9, 2018** at 8:30 a.m.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28
[1] However, until the stipulation is filed, the motion will remain on calendar.
[2] This reflects a different date than the one discussed.  When discussing this with counsel, the Court failed to note that Judge Drozd holds pretrial conferences only on Mondays.

2

1     **No other amendments to the case schedule are authorized.[3]**

2

3     IT IS SO ORDERED.

4        Dated:    **March 1, 2017**             **/s/ Jennifer L. Thurston**

5                                           UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [3] This does not mean that counsel are not free to select a new settlement conference date if the case is not amenable to settlement at the time of the currently set conference.  However, if they need a different date, they SHALL clear the new date with the Court before filing a stipulation in this regard.