|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| ESTATE OF DONALD MALIK LEVINGSTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants. | No. 1:16-cv-00188-DAD-JLT<br><br>ORDER DENYING REQUEST TO SEAL<br><br>(Doc. No. 51) |

On September 298, 2017, plaintiffs filed a notice of request to seal documents pursuant to Local Rule 141. (Doc. No. 51.) This request to seal indicated plaintiffs wish to file the Stipulated Petition for Approval of Minor's Compromise of Claims, i.e., the settlement agreement, under seal, because it contains the addresses of the settling minors and "privileged and confidential settlement information." No opposition was filed by defendants. For the reasons set forth below, the request will be denied.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, a court "may order that a filing be made under seal without redaction." However, even if a court orders such a filing, it may

1

"later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010) (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions such as the one at issue here:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id*. at 1178–79 (internal quotation marks, omissions, and citations omitted). [1] The party seeking

---

[1] While courts frequently use the terms "dispositive" and "non-dispositive" motions in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). In some instances, the proposed filing of documents under seal in connection with motions for preliminary injunction, for sanctions, or *in limine*, though such motions are not dispositive, may be subject to the "compelling reasons" test, predicated on the right of access and the need to "provide the public

to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

Here, plaintiffs have presented no compelling reasons justifying sealing the entirety of this settlement agreement. Typically, "compelling reasons" are found where the records in question might be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. The two reasons presented—the need to protect the privacy of the minors' addresses and that the settlement is "privileged and confidential"—do not speak to any of the traditional circumstances meeting the compelling reasons standard. (Doc. No. 51.) The court has reviewed the documents submitted for sealing, and indeed, the full names, dates of birth, and addresses of the two minor plaintiffs appear in the petition. Some of these items are required to be redacted, at least in part, by Local Rule 140. *See* L.R. 140(a). However, this information appears on only one page of the submitted material, and does not warrant sealing the entirety of the document. Instead, the plaintiffs should resubmit this material appropriately redacted in accordance with the Local Rules.

Moreover, plaintiff has presented no support for the contention that the settlement agreement in question is privileged and confidential as a matter of law. Indeed, settlements on

---

with a more complete understanding of the judicial system and a better perception of its fairness." *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). The petition for approval of a minor's compromise of claims at issue will dispose of the claims in this case. Therefore, the "compelling reasons" standard applies.

behalf of minors reached through a guardian *ad litem* require court approval. *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) ("When a guardian *ad litem* accepts a settlement and submits it to the court for approval, the court must conduct its own inquiry to determine whether the settlement serves the best interests of the minor."); *see also Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Since they must be filed on the court's docket, such settlements would appear to be subject to sealing only when a party meets the "compelling reasons" standard articulated above. Further, counties in California do not generally have a right to keep settlement agreements confidential under the state's Public Records Act ("PRA"). *See* Cal. Gov't Code § 6254(b) (exempting from disclosure "[r]ecords pertaining to pending litigation to which the public agency is a party . . . *until the pending litigation or claim has been finally adjudicated or otherwise settled*"); *Bd. of Tr. of Cal. State Univ. v. Superior Court*, 132 Cal. App. 4th 889, 899 (2005) ("Even if labeled as 'confidential,' [settlement communications] are subject to disclosure under the PRA after the litigation has ended."); *Register Div. of Freedom Newspapers, Inc. v. County of Orange*, 158 Cal. App. 3d 893, 909–10 (1984). Therefore, both federal and state law would appear to generally require that these documents be publicly filed on the court's docket.

**CONCLUSION**

For the reasons set forth above, plaintiffs' request to file documents under seal (Doc. No. 51) is denied. Where such a request to file under seal is denied, the court returns the filing to the party which sought sealing and does not enter them on the docket. L.R. 141(e)(1). Plaintiffs may elect to either file a fully supported motion to seal for the court's consideration or file on the public docket an appropriately redacted version of their petition for approval of a minor's compromise of claims in keeping with Local Rule 140.

IT IS SO ORDERED.

Dated: **October 19, 2017**

UNITED STATES DISTRICT JUDGE

4