UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF DONALD MALIIK LEVINGSTON, TRACI MORALES, individually and as successor in interest to the Estate of Donald Maliik Levingston, ELIJAH LEVINGSTON, by and through his guardian ad litem Traci Morales, ELIZABETH LEVINGSTON, by and through her guardian ad litem Traci Morales, ELISHA LEVINGSTON, and D'ANDRE GONZALEZ LEVINGSTON, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, HALL AMBULANCE SERVICE, INC., BRENDA ROBINSON, and DAVID MANRIQUEZ, <br><br> Defendants. | No. 1:16-cv-00188-DAD-JLT <br><br> ORDER REQUIRING FURTHER SUPPLEMENTATION <br><br> (Doc. No. 54) |

On October 19, 2017, plaintiffs Elijah and Elizabeth Levingston, both minors represented by their guardian ad litem Traci Morales, filed a petition for approval of a compromise of their claims against defendants. (Doc. No. 54.) The court held a hearing on this petition on November 21, 2017. (Doc. No. 60.) As the court requested at the hearing, plaintiffs submitted supplemental briefing on November 28, 2017. (Doc. No. 61.) For the reasons that follow, the court will require further supplemental briefing from plaintiffs' counsel.

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." (citation omitted)).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and her attorney. *See* Local Rules 202(b)–(c).

Despite the supplemental briefing already filed by plaintiffs post-hearing, this court requires still further information not yet provided by counsel in order to find the settlement "fair and reasonable" or conclude it "serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181–82.

Plaintiffs assert that the wrongful death claims being settled on behalf of each plaintiff are governed by California's Medical Injury Compensation Reform Act ("MICRA"). (Doc. No. 54 at ¶ 43.) In relation to those wrongful death claims, plaintiffs' first amended complaint sought the award of economic and non-economic damages, funeral and burial expenses, and medical expenses. (Doc. No. 31 at ¶¶ 45–47.) The MICRA states that, in an action "against a health care provider based on professional negligence," an injured plaintiff "shall be entitled to recover noneconomic losses," but that such recovery may not exceed $250,000. Cal. Civil Code § 3333.2(a)–(b). This limit has been held to apply on a per-lawsuit basis, regardless of the number of plaintiffs. *Yates v. Pollock*, 194 Cal. App. 3d 195, 200–01 (1987) (holding that the $250,000 cap applies to the entire lawsuit, not to each plaintiff individually); *see also Schwarder v. United States*, 974 F.2d 1118, 1125–26 (9th Cir. 1992). *But see Colburn v. United States*, 45 F. Supp. 2d 787, 793 (S.D. Cal. 1998) ("MICRA provides a $250,000 maximum aggregate recovery for a single plaintiff. Accordingly, [the two plaintiffs] have a combined maximum potential recovery of $500,000 for all noneconomic damages."). While plaintiffs initially sought additional damages in connection with their wrongful death claims, the petition indicates the decedent, Mr. Levingston, was providing nominal financial support for Elijah and Elizabeth Levingston and Traci Morales at the time of his death, and no financial support for D'Andre and Elisha Levingston. (Doc. No. 54 at ¶¶ 38–41.) Moreover, Elijah and Elizabeth Levingston are represented not to have "had any treatment nor incurred any expenses" related to their father's death and "appear[ ] to be adjusting to his loss." (*Id.* at ¶¶ 38–39.) Therefore, the court assumes that the most plaintiffs could have hoped to recover from the wrongful death claim is $250,000.

The proposed settlement amount totals $132,500, representing 53 percent of the maximum possible recovery here. While plaintiffs indicate in the petition for approval that defendants Hall Ambulance Service and Robinson disputed their liability (*id.* at ¶ 31), they have provided little explanation for why settling for approximately half of the maximum recovery is fair and reasonable in this case. Plaintiffs' counsel initially represented only that they had "made a careful and diligent" investigation of the case, and "recommend[ed]" that the settlement be approved "as being fair, reasonable, and in the best interest of said minors." (*Id.* at ¶¶ 44–45.) Because of the

3

conclusory nature of this representation, the court requested at the hearing that plaintiffs supplement their petition for approval with a more complete explanation. Nonetheless, in their supplemental brief, plaintiffs do not elucidate the fairness to the minors of the proposed settlement, stating this time only that they "have reviewed verdicts and settlements in similar cases as well as relevant case law and statutory authority on the issue of comparative negligence." (Doc. No. 61 at ¶ 6.)

These bare statements are simply insufficient to allow the court to discharge its independent duty to protect the interests of the minors on whose behalf plaintiff Morales has brought suit here. *See Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363; *see also Smith v. City of Stockton*, 185 F. Supp. 3d 1242, 1243 (E.D. Cal. 2016) (noting duty imposed by *Robidoux*); *Frary v. County of Marin*, No. 12-cv-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (same). In petitions for minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred at a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-1095 LKK AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). Indeed, Ninth Circuit precedent specifically directs courts to consider "recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. Additionally, the Local Rules of this court require plaintiffs to advise the court of, among other things, the manner in which the compromise was determined and whether a conflict of interest may exist between the minors and their attorney. *See* Local Rules 202(b)–(c). Plaintiffs' counsel, despite having been requested to do so in their supplemental brief, have failed to provide any of the specific information the court must have in order to adequately review the pending petition for approval.

Accordingly, plaintiffs are hereby ordered to further supplement their petition for approval of a minor's compromise within **fourteen (14) days** of the date of service of this order. This

4

supplementation must include, at a minimum, the following specific information:  (1) the manner in which the compromise was reached, L.R. 202(b)(2); (2) whether a conflict of interest may exist between the minors and their attorney, L.R. 203(c); (3) a comparison between this settlement and other approved in similar cases; and (4) an explanation of why counsel believes that, in this specific case, a settlement for approximately half of the total value of the claims is fair, reasonable, and in the best interest of the minors involved.[1]

IT IS SO ORDERED.

Dated:   **December 11, 2017**

UNITED STATES DISTRICT JUDGE

---

[1] The court has conducted its own research and identified other MICRA-limited cases suggesting the proposed settlement here is relatively on par with similar recoveries. *See Nephew v. Santa Rosa Mem'l Hosp.*, No. 15-cv-01684-JSC, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015) (approving settlement of $15,000 following MICRA-limited claims for death of infant brother); *Estate of Lopez v. Fresno Comm. Hosp.*, No. 1:07cv0752 AWI DLB, 2010 WL 502704, at *1–2 (E.D. Cal. Feb. 8, 2010) (approving settlement of approximately $16,600 for each minor defendant for MICRA-limited claims related to death of mother).  However, the court still lacks any individual discussion of factors relevant to this particular case that make this settlement fair and reasonable.  For instance, in many cases, the costs of proceeding to trial are an appropriate consideration in deciding to settle a claim.  *See, e.g.*, *Everett v. Dry Creek Joint Elementary Sch. Dist.*, No. 2:13-cv-00889-MCE-EFB, 2016 WL 301272, at *3–4 (E.D. Cal. Jan. 25, 2016) (approving minor's compromise which included considerations of "the costs of continuing this litigation through trial").  Such concerns would appear to be lacking here since it appears plaintiffs intend on attempting to proceed to trial against the remaining defendants regardless of this settlement with defendants Hall Ambulance Service, Inc. and Robinson.