1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ESTATE OF DONALD MALIIK                    No.  1:16-cv-00188-DAD-JLT
     LEVINGSTON, TRACI MORALES,
12   individually and as successor in interest to
     the Estate of Donald Maliik Levingston,
13   ELIJAH LEVINGSTON, by and through         ORDER GRANTING PETITION FOR
     his guardian ad litem Traci Morales,      MINOR'S COMPROMISE
14   ELIZABETH LEVINGSTON, by and
     through her guardian ad litem Traci       (Doc. No. 54)
15   Morales, ELISHA LEVINGSTON, and
     D'ANDRE GONZALEZ LEVINGSTON,
16
                    Plaintiffs,
17
            v.
18
     COUNTY OF KERN, HALL
19   AMBULANCE SERVICE, INC.,
     BRENDA ROBINSON, and DAVID
20   MANRIQUEZ,

21                  Defendants.

22

23        On October 19, 2017, plaintiffs Elijah and Elizabeth Levingston, both minors represented

24   by their guardian ad litem Traci Morales, filed a petition for approval of a compromise of their

25   claims against defendants here.  (Doc. No. 54.)  The court held a hearing with respect to the

26   petition on November 21, 2017.  (Doc. No. 60.)  Attorney Nichelle Jones appeared on behalf of

27   plaintiffs; attorney Andrew C. Thomson appeared on behalf of defendants County of Kern and

28   Manriquez, and attorney Christina Meissner appeared on behalf of Hall Ambulance Service, Inc.

                                                1

and Brenda Robinson. Following the hearing and at the court's direction, plaintiffs submitted a supplement in support of the petition on November 28, 2017. (Doc. No. 61.) On December 12, 2017, the court issued another order requiring further supplementation, which plaintiffs submitted on December 14, 2017. (Doc. Nos. 66, 67.) Considering the information now presented by the parties, the court will grant the petition.

## BACKGROUND

This case stems from the death of Donald Levingston, the father of Elijah and Elizabeth, following a traffic stop and arrest in 2015. Deputy Manriquez, who arrested the decedent, noticed the decedent acting erratically while being transported to the Kern County Jail. Deputy Manriquez suspected plaintiff of having ingested methamphetamines. Instead of transporting the decedent directly to a hospital, Deputy Manriquez made several stops, including one at which defendant Robinson, an employee of Hall Ambulance, was called. The decedent denied ingesting methamphetamines and refused a full medical assessment by Robinson. Deputy Manriquez transported decedent to the Kern County Jail, which refused to accept decedent without having him medically cleared at the local hospital. The decedent was then taken to Kern Medical Center at 10:09 p.m., at which point he was incoherent and possibly unconscious. He was pronounced dead at 12:13 a.m., approximately six hours after he was arrested and five hours after he was first suspected of having ingested methamphetamines.

Plaintiffs seek to settle only their wrongful death claims brought against defendants Hall Ambulance Services, Inc. and Robinson. (Doc. No. 54 at ¶ 32.) The total settlement amount contemplated will be $132,500. (*Id.* at ¶ 33.) The settlement is to be divided into two separate annuities for the minor children, each established with $12,205.38 of the settlement. (*Id.*) Elijah Levingston will receive payments of $3,850.63 annually for each of the four years between 2026 and 2029, for a total payment of $15,402.52, while Elizabeth Levingston will receive payments of $4,068.54 annually from 2028 through 2031, comprising a total of $16,274.16. (*Id.* at ¶¶ 33(A)–

/////

/////

/////

(B).)  The three adult plaintiffs – Morales, and D'Andre and Elisha Levingston[1] – will also

receive $12,205.38 each.  (*Id.* at ¶ 48.)  Plaintiffs' counsel seeks reimbursement for costs and

expenses of $27,308.10 and attorney's fees of $44,165.  (*Id.* at ¶ 47.)

**LEGAL STANDARD**

As this court has previously noted, it has a duty to protect the interests of minors

participating in litigation before it.  *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir.

1983).  To carry out this duty, the court must "conduct its own inquiry to determine whether the

settlement serves the best interests of the minor."  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181

(9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also*

*Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any

compromise or settlement of a minor's claims to assure itself that the minor's interests are

protected, even if the settlement has been recommended or negotiated by the minor's parent or

guardian ad litem." (citation omitted)).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has

held that a district court's inquiry should focus solely on "whether the net amount distributed to

each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the

minor's specific claim, and recovery in similar cases."  *Robidoux*, 638 F.3d at 1181–82; *see also*

*id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only).  Where a

settlement involves state law claims, federal courts generally are guided by state law.  *See*

Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138

(Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled

---

[1]  As discussed at the hearing on the pending petition, it was initially unclear whether D'Andre and Elisha Levingston were appearing as plaintiffs in this matter.  A review of the docket, however, reflects that earlier this year the parties stipulated to an amendment to permit plaintiffs to add certain "omitted heirs" as plaintiffs to this suit.  (Doc. No. 26.)  The court surmises these heirs were D'Andre and Elisha Levingston.  An order granting this stipulated amendment was issued on March 14, 2017.  (Doc. No. 28.)  Plaintiff filed their first amended complaint on March 16, 2017, naming D'Andre and Elisha Levingston in the text of the complaint, but not in its caption.  (Doc. No. 31.)  Subsequent filings failed to include Elisha and D'Andre Levingston listed among the plaintiffs.  (*See* Doc. No. 49 at 2; Doc. No. 51.)  The Clerk of the Court will be directed to add Elisha and D'Andre Levingston as plaintiffs to the case's caption.  Plaintiffs should adjust any future filings to accurately reflect the actual plaintiffs in this action.

in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and her attorney. *See* Local Rules 202(b)–(c).

## ANALYSIS

As explained in its prior order requiring supplementation, the court concludes the maximum possible recovery for the wrongful death claim being settled here is $250,000. (Doc. No. 66 at 3.) The proposed settlement amount is $132,500, representing 53 percent of the maximum possible recovery. Plaintiffs' counsel explains that settlement was reached "subsequent to the court ordered exchange of settlement positions and lengthy telephonic negotiations between counsel for Plaintiffs and counsel for the Hall Defendants." (Doc. No. 67 at ¶ 3.) According to counsel for plaintiffs, they are responsible for this petition, and did not become involved in the case at the insistence of any party against whom claims are levied or any party's insurance carrier. (*Id.* at ¶ 6.) Plaintiffs' counsel also do not represent, are not employed by, and do not receive compensation for services from any party against whom claims are levied or any party's insurance carrier. (*Id.* at ¶¶ 7–8.) The court is satisfied that there is no apparent conflict of interests between the minor children and plaintiffs' counsel.

The court has already pointed out that, based on its own research, this case is relatively comparable with several others in which recovery is limited by California's Medical Injury Compensation Reform Act ("MICRA"). (*See* Doc. No. 66 at 5 n.1) (citing *Estate of Lopez v. Fresno Comm. Hosp.*, No. 1:07cv0752 AWI DLB, 2010 WL 502704, at *1–2 (E.D. Cal. Feb. 8, 2010) and *Everett v. Dry Creek Joint Elementary Sch. Dist.*, No. 2:13-cv-00889-MCE-EFB, 2016 WL 301272, at *3–4 (E.D. Cal. Jan. 25, 2016)). Plaintiff's most recent supplementation adds no additional comparable cases for the court's consideration in assessing the fairness of the proposed

1  settlement to the minors and states only that this case is similar to the ones the court noted

2  because counsel here considered the risk of receiving an adverse judgment and the expenditure of

3  additional litigation costs on expert witnesses.  (Doc. No. 67 at ¶ 12.)  Finally, counsel advises the

4  court that the settlement here is reasonable for two additional reasons:  (1) it allowed certain

5  recovery, whereas trial could render a potential adverse judgment; and (2) it allowed plaintiffs to

6  substantially reduce their litigation costs, because they were not required to retain an expert, or

7  defend against expert witnesses, in order to support their claims against Robinson and Hall

8  Ambulance Services.  (*Id.* at ¶¶ 13–14.)

9       The court is satisfied that the settlement in this case is fair, reasonable, and in the best

10  interests of the minor children.  The settlement for approximately half of the potential value of the

11  claim allows the children to secure some recovery while the case proceeds against the remaining

12  defendants.  It also allows them to reduce the costs of litigation by eschewing the need to involve

13  testimony of additional experts from both the plaintiffs' and defendants' side.  This is particularly

14  important, since only an additional $117,500 in damages was recoverable in this case under the

15  limit presumably imposed by MICRA.  The cost of additional experts could amount to a

16  significant portion of any additional potential recovery.  Moreover, this additional recovery

17  assumes plaintiffs would be able to proceed to trial and prevail on their claims, which are mere

18  possibilities and not eventualities.  Therefore, the court concludes that the settlement here is fair,

19  reasonable, similar to other settlements in similar cases, and in the best interest of the minor

20  children.  Additionally, there are no apparent conflicts of interest between plaintiffs' counsel and

21  the minor children.

22                                          **CONCLUSION**

23       For the reasons set forth above:

24    1.  The petition for approval of the minors' compromise (Doc. No. 54) is granted;

25    2.  Defendants Hall Ambulance Services, Inc. and Robinson are directed to pay the following

26        amount:

27            a.  $12,205.38 to Atlas Settlement Group, Inc. for the establishment of an annuity for

28                Elijah Levingston, which will pay $3,850.63 annually for four years commencing

5

on November 12, 2026 and ending on November 12, 2029;

    b. $12,205.38 to Atlas Settlement Group, Inc. for the establishment of an annuity for Elizabeth Levingston, which will pay $4,068.54 annually for four years commencing on June 1, 2028 and ending on June 1, 2031; and

    c. $108,089.24 to Michael J. Curls Client Trust Account, with funds to be distributed to the adult plaintiffs as follows:

        i. $12,205.38 to D'Andre Levingston;

        ii. $12,205.38 to Elisha Levingston;

        iii. $12,205.38 to Traci Morales;

        iv. $44,165 to be paid as attorneys' fees to the Law Office of Michael J. Curls; and

        v. $27,308.10 to be paid as reimbursement of costs and expenses to the Law Office of Michael J. Curls;

3. The amounts paid to Atlas Settlement Group, Inc. shall not be withdrawn from the annuity until disbursed in accordance with the parties' agreed-upon schedule, and may not be used for the minors' necessities of life while they are minors, unless this court orders otherwise;

4. The Clerk of the Court is direct to amend the caption of this action to reflect the addition of plaintiffs Elisha Levingston and D'Andre Gonzalez Levingston; and

5. The Clerk of the Court is directed to terminate Hall Ambulance Services, Inc. and Brenda Robinson as defendants.

IT IS SO ORDERED.

Dated:   **December 20, 2017**          _____

                                           UNITED STATES DISTRICT JUDGE